LEIKNESS, Appellant, vs. PROCHASKA and others, Respondents.

*March 4—April 6, 1954.*

438

440

For the appellant there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

For the respondents there was a brief and oral argument by *Donald L. Farr* and *G. Donald Barnes,* both of Eau Claire.

BROADFOOT, J.    The plaintiff first contends that the jury's finding that he was guilty of causal negligence in respect to lookout was not warranted by the evidence. He contends that he saw the truck and everything else that was to be seen, and therefore he could not be found to be negligent with respect to his lookout, and that even though he were negligent in that respect, since his car was stopped, any failure of lookout on his part was not a substantial factor so far as the accident was concerned.

If there had been no dispute in the testimony we could agree with the plaintiff's contention. However, Prochaska testified that as he approached the plaintiff's car the plaintiff started it in motion and struck the left side of the truck. Another witness, Raskin, testified that he talked to the plaintiff after the accident and the plaintiff told him that he didn't see the truck until it was too late to avoid running into the side of the truck. If the plaintiff started his car in motion and struck the left side of the truck, the jury could infer that he did not see it. Because of the dispute in the testimony it was a matter for the jury to determine. The testimony of Prochaska and Raskin is sufficient to support the answers as to lookout.

Included in the special verdict was a question inquiring as to the negligence of the plaintiff with respect to yielding the right of way. The plaintiff objected to the inclusion of this question, contending that the question of right of way

was not involved. He now claims it was error on the part of the court to submit such question; that if it was not error, the court did not fully instruct the jury as to right of way; and that if the question were submitted it should have been made contingent upon the jury's finding as to the defendant's speed.

Sec. 85.18, Stats., is entitled "Right of Way." Sub. (5) thereof reads as follows:

*"Vehicles turning left at intersections.* The operator of a vehicle within an intersection intending to turn to the left across the path of any vehicle approaching from the opposite direction, may make such left turn where it is permitted only after affording a reasonable opportunity to the operator of such vehicle to avoid a collision."

In our opinion it would have been preferable to submit a question inquiring as to the negligence of the plaintiff with respect to the manner in which he made his left turn. The court instructed as to the foregoing subsection, and it does not appear from the record that the jury was misled by the form of the question. We cannot see that the question or the instructions thereon were prejudicial to the plaintiff. There is evidence to support the answer of the jury. The provision that a driver exceeding the lawful rate of speed shall forfeit his right of way is contained in sec. 85.18 (1), Stats., and is not applicable to sub. (5) thereof. The evidence supports the finding of the jury and we find no prejudicial error in the trial.

*By the Court.*—Judgment affirmed.